Li v. Holder

BIA
Morace, IJ
A087 768 832

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:
    PIERRE N. LEVAL,
    GUIDO CALABRESI,
    GERARD E. LYNCH,
        *Circuit Judges.*
_____

GUIGEN LI,
        *Petitioner,*

        v.                                          13-817
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Lee Ratner, Esq., Law Offices of
                       Michael Brown, New York, New York.

FOR RESPONDENT:        Matthew Allan Spurlock, Esq., Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guigen Li, a native and citizen of the People's Republic of China, seeks review of a February 22, 2013, decision of the BIA affirming the July 19, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guigen Li*, No. A087 768 832 (B.I.A. Feb. 22, 2013), *aff'g* No. A087 768 832 (Immig. Ct. N.Y. City July 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Li's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on

an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence. As the IJ correctly noted, Li's asylum application and his testimony differed significantly from his credible fear interview. Li stated in his credible fear interview that he left China because his home was seized for development; while he identified himself as a Christian, he explicitly stated that no one in China wanted to harm him on account of his religion. C.A.R. at 124, 128. In his asylum application and testimony, however, Li claimed that he left China because he was arrested for practicing Christianity. *Id*. at 244-60.

The IJ considered but rejected Li's explanation for this inconsistency that the smuggler who brought him into the country urged him not to mention his religion, for fear of reprisal by the Chinese government if he were deported. This explanation, even if considered plausible, did not have

3

to be credited by the agency.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005).  While Li contends that his evidence contained a mere omission, rather than an inconsistency, Pet. Br. at 10, the two are "functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 167.  Moreover, as discussed, Li did not simply omit his claims of religious persecution; he explicitly denied that anyone in China sought to persecute him for his religion.  C.A.R. at 128.

As the BIA recognized, credible fear interviews "warrant the close examination called for by" *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir. 2004).  *Ming Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. 2009); C.A.R. at 3. Here, the credible fear interview "bears sufficient indicia of reliability to warrant its consideration by the agency." *Ming Zhang*, 585 F.3d at 724. There is no claim that Li was coerced or had difficulty understanding the interpreter, and question and answers at issue leave little room for ambiguity.

Li's argument that the IJ ignored evidence favorable to his claim is also meritless.  The IJ explicitly considered Li's documentary evidence, which was reasonably found to be

4

very limited and unpersuasive. *See* C.A.R. at 65. Accordingly, the IJ's adverse credibility determination in this case is supported by substantial evidence. *Xiu Xia Lin*, 534 F.3d at 167.

Because the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk